IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERMA HILSON<br>4210 Harvey Road<br>Huntington, MD 20639,<br><br>      Plaintiff,<br><br>    v.<br><br>ED SCHAFER<br>Secretary<br>U.S. Department of Agriculture<br>1400 Independence Avenue<br>Washington, DC 20250,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

1. Plaintiff Verma Hilson, by and through undersigned counsel, hereby files this civil action against Defendant Ed Schafer, Secretary of the U.S. Department of Agriculture (USDA), in his official capacity only, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and seeks relief pursuant to Title VII and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and the ADEA, for Defendant's unlawful discrimination against Plaintiff on the basis of her race (African American), sex (female), and age (58), when Defendant denied Plaintiff a promotion from a GS-13 to GS-14 position after the results of

a desk audit substantiated an accretion of duties and confirmed that Ms. Hilson was performing at the higher grade. Plaintiff requests as relief: a retroactive promotion to a GS-14 position per the desk audit, with full back pay and back benefits; compensatory damages; reasonable attorney fees, costs, and expenses; and such other relief as the Court deems just and appropriate in order to fully remedy Defendant's unlawful acts.

### Parties

2.   Plaintiff Verma Hilson, a United States citizen, is a federal employee who has worked for the U.S. Department of Agriculture ("USDA") in Washington, DC for 37 years. Following a reorganization in 1999, Ms. Hilson has worked as a GS-343-13 Management Analyst in the USDA's Office of Procurement and Property Management ("OPPM"), Resource Management Division ("RMD"), in Washington, DC.  Plaintiff resides at 4210 Harvey Road, Huntington, MD 20639. Ms. Hilson is an African American woman born in March 1950.

3.   Defendant Ed Schafer is the Secretary of Agriculture and, as such, has ultimate authority over the actions of USDA. Defendant is sued in his official capacity only. Defendant's address is 1400 Independence Avenue, S.W., Washington, DC

20250.

## Jurisdiction and Venue

4.  This Court has jurisdiction over this Complaint because it presents a question of federal law. 28 U.S.C. § 1331.

5.  Specifically, this Court has jurisdiction over this Complaint pursuant to 42 U.S.C. §§ 2000e-5(f)(3), 2000e-16(d), and 1981a.

6.  This Court is the proper venue pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). All of the discriminatory acts took place in the District of Columbia.

7.  Upon learning about her non-promotion on July 10, 2006, Plaintiff timely initiated EEO counseling by contacting Defendant's EEO Office on July 10, 2006. After receiving a notice of right to file a formal EEO complaint on September 6, 2006, Plaintiff timely filed a formal EEO complaint on September 12, 2006, for discrimination on the basis of race, sex, and age due to her non-promotion. After the investigation of her EEO complaint, Plaintiff requested a hearing at the Equal Employment Opportunity Commission ("EEOC"), which issued an Acknowledgment and Order on August 1, 2007. Plaintiff's counsel sent a letter to the EEOC on

August 23, 2007, indicating Plaintiff's desire to pursue her rights in U.S. District Court and requesting that the complaint file be returned to the USDA for the issuance of a final agency decision ("FAD"). Plaintiff's counsel, per request, received a Final Order (denying discrimination) from the USDA on June 24, 2008, although USDA contends that USDA earlier mailed it on January 4, 2008. (See correspondence between Plaintiff's counsel and Mr. Branham, attached as Exhibit 1.) Accordingly, Plaintiff timely files this Complaint within 90 days of her counsel's receipt of the Agency's Final Order and more than 180 days after the filing of Plaintiff's formal EEO complaint. See 42 U.S.C. § 2000e-16(c).

**Facts**

8. Plaintiff Verma Hilson, a USDA employee for over 37 years, has excelled as a GS-13 Management Analyst in the Resource Management Division (RMD) of the Office of Procurement and Property Management (OPPM) within USDA for over nine years. Prior to gaining her current GS-13 position in April 1999, Ms. Hilson had been working at the GS-13 level for approximately two years. In her current position, Ms. Hilson has performed duties at the GS-13 and GS-14 levels.

9. Ms. Hilson began performing GS-14 level work during her tenure as a GS-13 Management Analyst, particularly for the three years preceding the desk audit which re-categorized her position as a GS-14 position. Notably, Ms. Hilson assumed additional duties and responsibilities without an increase in support staff and with less supervision and oversight of her work.

10. Moreover, Ms. Hilson and her direct supervisor, Janet Carter Walker (African American female), observed that while they held GS-13 and GS-14 positions respectively, other comparable positions in OPPM were at the GS-14 and GS-15 levels, respectively. The GS-15 positions in the other offices reported directly to Glenn Haggstrom (white male), SES,[1] the Deputy Director of OPPM. However, in the RMD, the African American female supervisor who directly reported to Mr. Haggstrom, Ms. Walker, held a GS-14 position and her subordinates, including Ms. Hilson, held GS-13 positions.

11. In April 2005, Ms. Hilson requested a desk audit[2] to

---

[1] Senior Executive Service, or SES, is one level above GS-15.

[2] A desk audit is a mechanism by which an employee can be awarded a promotion if the audit concludes that the employee is working at a higher level than their existing grade (e.g., GS-13).

gain a promotion based upon accretion of her duties.

12. Ms. Hilson was assisted by her immediate supervisor, Ms. Walker, who helped Ms. Hilson prepare the necessary paperwork required for the review of Ms. Hilson's duties and responsibilities. Ms. Walker also forwarded Ms. Hilson's request to Mr. Haggstrom, who forwarded it to Lynne Jones, a specialist in OPPM's Office of Human Resources.

13. Ms. Hilson's request for a desk audit was supported by Ms. Walker's recommendation that Ms. Hilson's position be upgraded to the GS-14 level due to Ms. Hilson's increased work load.

14. Ms. Hilson and two other African American women in OPPM, including Ms. Walker, requested desk audits to evaluate their positions. Mr. Haggstrom questioned these requests.

15. For almost half a year, Mr. Haggstrom did not act on Ms. Hilson's request for a desk audit until October 2005, nearly six months after Ms. Hilson requested the review.

16. Mr. Haggstrom submitted Ms. Hilson's request to Human Resources without a signed SF-52, Request for Official Personnel Action.

17. In addition, Mr. Haggstrom did not sign an SF-52 form for Charles Swinton (African American male), who

requested a desk audit in 2005 like Ms. Hilson.

18. In contrast, Mr. Haggstrom signed an SF-52 form approving the promotion of Jennifer Wendel (white female), who personally wrote her own position description and KSAs (Knowledge, Skills, and Abilities) for a new GS-14 position, contrary to Agency personnel rules and regulations. Mr. Haggstrom approved Ms. Wendel's request for a GS-14 promotion but disapproved of desk audit requests by two African Americans, Ms. Hilson and Mr. Swinton, who sought promotions through the desk audit process for accretion of duties. Ms. Wendel received a promotion; but Ms. Hilson and Mr. Swinton did not.

19. On information and belief, Mr. Haggstrom did not impede the requests for desk audits by three white employees in OPPM: Janice Ware (white female), Lenny Benny (white male), and Kathy Fay (white female). In fact, in Kathy Fay's case, Mr. Haggstrom added material to her position description to help her position get reclassified at a higher grade.

20. Although Mr. Haggstrom questioned Ms. Hilson's request for a desk audit, in January 2006, Nathaniel Floyd, a Classification Specialist for Human Resources, contacted Ms. Hilson and began the process of conducting a desk review.

7

21. In April 2006, Mr. Floyd issued a report which reclassified Ms. Hilson's position as a Supervisory Management Analyst, GS-343-14. Ms. Hilson's direct supervisor, Ms. Walker, supported the decision and asked Mr. Haggstrom to approve the promotion, via emails, letter, and in a meeting with him.

22. Ms. Hilson received an email from Lynne Jones, Human Resources Specialist, congratulating Ms. Hilson on her GS-14 promotion and advising that her promotion would be effective on April 26, 2006.

23. On May 9, 2006, Ms. Hilson gave Mr. Haggstrom the SF-52 form to sign to approve her promotion. On May 12, 2006, Ms. Hilson sent Mr. Haggstrom an email asking him when she could pick up the signed SF-52 form to take to Human Resources.

24. Mr. Haggstrom refused to sign the SF-52 form to enact the promotion. Therefore, Ms. Hilson's promotion was not processed. On December 15, 2006, Mr. Haggstrom sent a Memorandum to Mr. Hilson's supervisor, Ms. Walker, which denied Ms. Hilson's promotion in writing.

25. Ms. Hilson should lawfully have been promoted to GS-14 based upon her experience, accretion of duties, and desk audit.

26. Ms. Hilson has performed the full range of personnel management responsibilities and has experience in all of the job requirements for the Supervisory Management Analyst, GS-343-14 position.

27. Plaintiff contacted Mr. Haggstrom several times regarding her promotion, to which he responded that he had concerns about the substance and conduct of the audit.

28. Mr. Haggstrom has also stated, falsely, that Ms. Hilson has not completed the one-year probationary period required for her to be promoted to a GS-14 position.

29. Contrary to Mr. Haggstrom's assertions, Ms. Hilson had the requisite supervisory experience for a promotion to GS-14, having supervised two employees in her office for over one year. Ms. Hilson also had management training that met this requirement.

30. On information and belief, Todd Repass and Michael McFarland (white males in their early 40's) were promoted by Mr. Haggstrom without having served in supervisory capacities for more than one year prior to their promotions to GS-15 positions.

31. Mr. Haggstrom sought a desk review to upgrade a white female employee, who was also in her early 40's, in order to keep her on staff and to prevent her from leaving

OPPM.

32. OPPM has an established pattern of promoting young, white males and females instead of older, more experienced African Americans.

33. Ms. Hilson's race, sex, and age were all primary factors in management's refusal to grant her a promotion.

34. Mr. Haggstrom has asserted that an employee's supervisory chain has responsibility for making the final decision on whether an individual will be promoted. Ms. Hilson's immediate supervisor, Ms. Walker, recommended Ms. Hilson's upgrade to GS-14. (Ms. Walker is African American.)

35. OPPM treats African Americans differently than their white counterparts as far as promotions are concerned.

36. Another African American female in her late 40's requested an upgrade to the GS-15 level with no positive outcome.

### Causes of Action

#### Count I

37. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Verma Hilson on the basis of her race (African American) by denying her a promotion to the position of GS-14 Supervisory Management Analyst, in violation of its own

personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Defendant's explanations for its discrimination of Plaintiff are pretextual.

### Count II

38. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Verma Hilson on the basis of her sex (female) by denying her a promotion to the position of GS-14 Supervisory Management Analyst, in violation of its own personnel procedures and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Defendant's explanations for its discrimination of Plaintiff are pretextual.

### Count III

39. Based upon the facts described in the preceding paragraphs, Defendant unlawfully discriminated against Plaintiff Verma Hilson on the basis of her age (DOB 03/03/1950) by twice denying her a promotion to the position of GS-14 Supervisory Management Analyst, in violation of its own personnel procedures and in violation of the Age Discrimination in Employment Act (as amended), 29 U.S.C. §§ 621 et seq. Defendant's explanations for its discrimination

11

of Plaintiff are pretextual.

### Relief Requested

40. Plaintiff requests the following relief:

   a.   Immediate appointment of Plaintiff to the GS-14 position of Supervisory Management Analyst in the USDA's Office of Procurement and Property Management, with the appointment being retroactive to the earliest date that discrimination is found (we contend April 26, 2006).

   b.   Full back pay, with interest, and back benefits from the date of Plaintiff's non-promotion to the date of judgment;

   c.   Restoration of leave used by Plaintiff due to stress and illness related to her discriminatory non-promotion (using annual leave instead of sick leave);

   d.   Appropriate record correction consistent with the facts of this case and the above-requested relief;

   e.   Maximum compensatory damages up to $300,000 to which Plaintiff is entitled after proof at trial;

   f.   Reasonable attorney fees at prevailing market (<u>Laffey</u>) rates and the costs and expenses of this action as well as Plaintiff's predecessor

administrative complaint at the USDA; and

g. Such other relief as the Court deems just and appropriate.

### JURY TRIAL

41. Plaintiff requests a trial by jury on all issues that are triable by jury.

                                                         *Daniel K. Gebhardt*
                                                         JOSEPH D. GEBHARDT
                                                         (D.C. Bar No. 113894)
                                                         DANIEL K. GEBHARDT
                                                         (D.C. Bar No. 975703)
                                                         GEBHARDT & ASSOCIATES, LLP
                                                         1101 17th Street, N.W.
                                                         Suite 807
                                                         Washington, DC 20036-4716
                                                         (202) 496-0400

July 24, 2008                                            Attorneys for Plaintiff

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

VERMA HILSON

**DEFENDANTS**

ED SCHAFER
DEPARTMENT OF AGRICULTURE

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _20250_
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

GEBHARDT & ASSOCIATES, LLP
1101 17th St., N.W., Suite 807
Washington, DC 20036-4716
(202) 496-0400

Case: 1:08-cv-01275
Assigned To : Collyer, Rosemary M.
Assign. Date : 7/24/2008
Description: Employ. Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
- ☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*        OR        ○ **F.** *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ⊗ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination based upon race and age pursuant to Title VII of the 1964 Civil Rights Act, 42 USC § 2000e et seq., and the ADEA, 29 USC § 621 et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000.00   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 24, 2008   SIGNATURE OF ATTORNEY OF RECORD  *Daniel K. Gebhardt*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.